GARDNER FOSTER, APPELLANT, *v.* RUFUS B. BULLOCK, RESPONDENT.

*Deposition of party taken conditionally — how it must be taken — form of certificate to.*

Under the provisions of section 6 of 2 Revised Statutes ([2d ed.], 313), in relation to the taking of depositions, providing that the deposition "shall be carefully read to and subscribed by such witness; shall be certified by the officer taking the same," etc., the certificate must state that the deposition has been read to the witness and subscribed by him; and such reading must take place in the presence or, at least, under the general supervision of the officer taking the same, and it must be subscribed in his presence.

APPEAL from an order made at the Special Term suppressing a deposition of the plaintiff.

The motion was made on the ground that there was no certificate attached to it as required by law. The paper commenced with the following statement :

"Examination of plaintiff, taken conditionally, pursuant to annexed order," and ended as follows :

"GARDNER FOSTER.

"Sworn before me, this 30th }
   day of October, 1876.      }

             "R. L. LARRAMORE,
                   "J. C. P.

"Filed November 4, 1876."

The following affidavit was submitted on the part of the plaintiff, showing the manner in which the deposition was taken:

"—— ———, of said city, being duly sworn, says: I am one of the attorneys for the plaintiff; as appears by the affidavits, order and proof of service annexed to the plaintiff's deposition filed on the fourth of November last, proceedings were duly and regularly taken for the examination of the plaintiff, conditionally; before the return day of said order, the plaintiff duly appeared in the chambers of the Supreme Court in the court-house at the city of New York, for examination before the justice there presiding, and at the same time there appeared besides deponent, as the plaintiff's counsel, also the defendant in person and —— ———, Esq., counselor-at-law, as defendant's counsel to attend such examination. Thereupon, in the presence of the defendant and his said counsel, the paintiff was duly sworn. Thereafter the said chambers of said court being crowded with many persons, the plaintiffs, with the assent of the defendant and his said counsel, and in their company, went into a neighboring room for the purpose of submitting to examination. I then propounded to the plaintiff questions upon his direct and re-direct examination, and said —— ———, as counsel for the defendant, questions upon his cross-examination, I taking down his replies thereto, the defendant and his said counsel being present during the whole examination. After the examination was completed the same was carefully read to the plaintiff by me, and he then subscribed the same and accompanied by the defendant and his said counsel, went into said chambers and swore to the same before Justice LARRAMORE, then sitting in the same, and said justice thereupon subscribed his name to the certificate of said deposition. The certificate was drawn in the presence of the defendant and his counsel, and the plaintiff's and said justice's signature were also affixed in their presence. * * * The examination of the plaintiff was taken in the usual manner in the said district, and the certifying portion of said examination, viz.: 'Examination of the plaintiff, taken conditionally pursuant to the annexed order — city and county of New York, ss., Gardner Foster being duly sworn says 'Cross-examined,' 're-direct,' and 'sworn before me this 30th day of October, 1876,' are all in the usual and customary form, as I verily believe.'"

*Townsend & Weed,* for the appellant.

*John H. White,* for the respondent.

TALCOTT, J.:

This is an appeal from an order made at the Special Term in Albion, suppressing a deposition of the plaintiff for certain alleged informalities. The alleged informalities are that the deposition was not reduced to writing by Justice LARRAMORE, or read over to the witness in his presence, and no sufficient certificate of the taking thereof is attached to the same. The deposition was produced on the hearing of the motion, and shows the examination of the witness both direct and cross, taken by question and answer, and commences with the recital, "examination of plaintiff taken conditionally, pursuant to the annexed order." It purports to be signed by the witness and to it is attached the ordinary jurat to an affidavit, "sworn before me this 30th day of October, 1876, R. L. LARRAMORE, J. C. P.".

The statute provides that "such deposition shall be carefully read to and subscribed by such witness; shall be certified by the officer taking the same." (2 R. S. [2d ed.], 313, § 6.) The statute does not prescribe the form of the certificate. The certificate in this instance, taking it altogether, is a certificate that the examination was taken conditionally pursuant to the annexed order, and was sworn to before the justice who was at the time specified, sitting in the chambers of the Supreme Court at New York, and the examination commences with a recital to the effect that the witness was duly sworn. The order annexed prescribes no form for the examination or for its verification.

In *McDonald* v. *Garrison* (18 How. P. R., 249) this subject received an elaborate examination by Mr. Justice J. F. DALY, of the New York Common Pleas. In the opinion in that case he comes to the conclusion that the examination of a witness need not be reduced to writing by the hand of the judge before whom it is taken, but he may employ an amanuensis, but that the officer who takes the examination must see that the testimony is carefully read over to the witness, and that the witness subscribes the same with a full understanding of its contents. Though the statute does not provide what the certificate of the officer shall contain, it states that it shall

be carefully read over to the witness and subscribed by him, and be certified by the officer taking the same. What is to be certified by the officer taking the same? Obviously, as it seems to us, the fact that the examination has been read to, and is subscribed by, the witness.

The certificate in this case does not purport to be to the effect that the witness in fact "subscribed" the deposition, or that it was read over to him before doing so, and from the account given in the affidavit of the plaintiff's attorney of the manner in which this deposition was taken, in accordance, as he says, with the usual practice in such cases in New York, it is apparent that the deposition was not read over to the witness in the presence of Judge LARRAMORE, or subscribed in his presence, so that he could not certify to either fact. Perhaps the judge would not be required to see to the reading of the deposition in detail, with a view to be able to testify that it was in all respects correctly read, but the reading should at least be under his general supervision, and the deposition should be subscribed in his presence.

The counsel for the plaintiff insists that the certificate can now be amended, and that the order of the Special Term should have granted leave to amend, but the affidavit of the plaintiff's attorney shows that the certificate cannot be truly amended so as to show that the deposition was read over to the witness, or that it was subscribed in the presence of the judge.

Order appealed from, suppressing the deposition of the plaintiff, affirmed with ten dollars costs of the appeal and disbursements.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Ordered accordingly.